21 F.3d 429
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gary McDOWELL, Defendant-Appellant.
 No. 93-5960.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1994.
 
 Before: JONES and BOGGS, Circuit Judges; and FEIKENS, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Gary McDowell appeals his conviction for possession of 440 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. Sec. 841(a), and for carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c). He claims that narcotics officers executing a search warrant at his house failed to comply with the federal knock-and-announce statute, 18 U.S.C. Sec. 3109, and that the district court therefore erroneously denied his motion to suppress evidence obtained during the execution of that warrant. Because the district court was not clearly erroneous in determining that adequate time had passed between the knock and the entry, we affirm.
 
 
 2
 * On December 20, 1991, Shelby County, Tennessee, narcotics officers executed a search warrant at McDowell's house in Memphis. According to the officers, they knocked on the front door and announced their presence. After no one responded, they forcibly entered the house.
 
 
 3
 McDowell initially challenged the validity of the search warrant, alleging that it contained false information obtained from an informant. During a Franks suppression hearing,[1] the manner in which the officers made their entry into McDowell's house was examined. Detective D.L. Galloway, the second officer into the house, testified that "approximately fifteen seconds" elapsed between the time of the knock-and-announcement and the officers' forced entry. When asked if the forced entry was made "pretty much immediate[ly]" after the knock-and-announcement, Officer Brenda Williams, who followed several people behind Galloway into the house, answered "[s]omewhat." She could not "recall [the] exact time" between the knock-and-announcement and the entry. She testified that she could hear people "running through the house" and that "it sounded like people running away from the door instead of answering the door." She conceded that the sounds that she heard could have been children scurrying about and that there was no indication, such as flushing toilets or running water, that drugs were being destroyed in the period before the entry. She thought that there was sufficient time for an occupant to answer the door before the forced entry.
 
 
 4
 McDowell testified that there was no knock and no announcement preceding the forced entry. He said that the officers "proceeded to bust the door open.... As they always do."
 
 
 5
 The magistrate judge, who conducted the Franks hearing, did not find McDowell to be credible. The magistrate judge therefore recommended denying McDowell's motion to suppress, and the district court agreed, adopting the report and denying the motion. Thereafter, McDowell moved for a second time to suppress evidence. The basis for the second motion was the officers' alleged failure to comply with the knock-and-announce statute. This second motion did not explain why the issue was not raised with the first motion. Relying on the information provided in the original hearing, the magistrate judge again recommended denying the motion. The district court, agreeing, denied the motion.
 
 
 6
 McDowell then moved to reconsider the denial of his second motion to suppress and asked the district court to hear additional proof. His motion was accompanied by the affidavit of Ora Mae Jordan, who lived at McDowell's residence and who corroborated McDowell's contentions regarding the police entry. This motion did not explain why this information was not included in either of the first two motions. The district court held a hearing on McDowell's motion to reconsider, and McDowell called Jordan to testify. She testified that at the time of the entry, she was in the living room holding a sleeping baby and watching television, when she heard a "breaking" noise. She thought it was robbers, went to the side door, and encountered the officers entering the house. The district court denied McDowell's motion to reconsider.
 
 
 7
 McDowell then changed his plea to guilty to the two counts of the indictment. He was sentenced to 151 months' imprisonment on the possession charge and 60 months' on the firearm charge, to run consecutively, and five years' supervised release. He appeals the district court's denial of his motion to suppress, relying solely on the knock-and-announce claim.
 
 II
 The knock-and-announce statute provides:
 
 8
 [An] officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.
 
 
 9
 18 U.S.C. Sec. 3109. Thus, an officer must announce his authority and purpose and be denied admittance before forcing entry. Evidence obtained in violation of Sec. 3109 must be suppressed. United States v. Nabors, 901 F.2d 1351, 1354 (6th Cir.) (citing Miller v. United States, 357 U.S. 301, 313-14, 78 S.Ct. 1190, 1197-98 (1958)), cert. denied, 498 U.S. 871, 111 S.Ct. 192 (1990). The police need only identify themselves as police officers and give the occupants a "reasonable time" to respond in order to comply with Sec. 3109. United States v. Finch, 998 F.2d 349, 354 (6th Cir.1993). This court "carefully scrutinize[s]" cases in which officers make a "forced entry seconds after announcing their authority and purpose" to determine if the officers have complied with Sec. 3109. Nabors, 901 F.2d at 1355.[2]
 
 
 10
 The phrase "refused admittance" is not limited to an affirmative refusal, but encompasses circumstances that constitute constructive or reasonably inferred refusal. United States v. Knapp, 1 F.3d 1026, 1030 (10th Cir.1993); United States v. Bonner, 874 F.2d 822, 824 (D.C.Cir.1989). The Tenth Circuit has held that a ten-to-twelve second interval between the knock-and-announcement and the forced entry constitutes a reasonable period of time for Sec. 3109 purposes; such an interval may be taken as a refusal of admittance. Knapp, 1 F.3d at 1031. The D.C.Circuit has stated that a lack of response "approximately 10 seconds" after an announcement before a forced entry was "particularly probative of refusal." Bonner, 874 F.2d at 825. The First Circuit has held that an interval of "approximately ten seconds" is reasonable under Sec. 3109 where the occupants were believed to possess cocaine, "a substance that is easily and quickly hidden or destroyed." United States v. Garcia, 983 F.2d 1160, 1168 (1st Cir.1993).
 
 
 11
 Thus, when officers announce their presence and wait approximately fifteen seconds before making a forced entry, which the district court found to be the case here, the occupants have sufficient time to respond to the officers' knock-and-announcement. The occupants' failure to respond may be taken as a refusal of admittance, and the officers have complied with the terms of Sec. 3109 in making their forced entry.
 
 
 12
 The question in this case is whether the district court erred in finding that the officers waited a sufficient amount of time before forcing their entry. The district court's factual findings are reviewed for clear error. United States v. French, 974 F.2d 687, 691 (6th Cir.1992), cert. denied, 113 S.Ct. 1012 (1993). We hold that the district court did not err in finding that the officers complied with Sec. 3109.
 
 
 13
 Detective Galloway testified that fifteen seconds elapsed between the knock-and-announcement and the entry. Officer Williams said that the entry came somewhat immediately after the knock-and-announcement. McDowell claimed that there was no knock and no announcement. The magistrate judge found McDowell's credibility to be "substantially diminished" because of his testimony on the search warrant issue. At the initial Franks hearing, McDowell claimed that the informant, who had told the officers that he was at McDowell's house on the day of the raid and therefore could provide the information upon which the search warrant was based, was not in fact there. The magistrate judge, after hearing the testimony of the informant and officers Galloway and Williams, simply did not believe McDowell. He credited the testimony of the officers. The magistrate judge found that the officers had knocked, had announced their purpose, and had allowed sufficient time for the door to be opened.
 
 
 14
 The district court, after a de novo review of the record, agreed and denied the motion to suppress. The district court heard Jordan testify and apparently did not believe her when she said that she heard only the door breaking and the officers entering. The findings of the district court and magistrate judge are based on credibility determinations, and we accord great deference to such determinations. United States v. Cooke, 915 F.2d 250, 252 (6th Cir.1990). McDowell points to nothing to persuade us that the district court and magistrate judge erred in crediting the officers' testimony over that of McDowell and Jordan. Because the testimony of the officers supports the finding that they gave the occupants of McDowell's house sufficient time to respond to the knock and announcement, we agree with the district court that the officers complied with the requirements of Sec. 3109. The district court properly denied McDowell's motion to suppress.
 
 III
 
 15
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable John Feikens, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 See Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674 (1978)
 
 
 [2]
 "Courts have, however, upheld searches which failed to comply with Sec. 3109 where exigent circumstances have existed which render strict compliance inappropriate and imprudent." Nabors, 901 F.2d at 1354. Nabors upheld an entry and search because of exigent circumstances. Such an exception to Sec. 3109 is not asserted here